UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**SANDRA LITHGOW,**
      -Plaintiff

      -v-                                  CIVIL 3:06CV00955 (CFD)

**CHRISTOPHER M. EDELMANN, M.D., P.C.,**
      -Defendant

### RULING ON MOTION FOR PROTECTIVE ORDER

The defendant/counterclaim plaintiff, Christopher M. Edelman, M.D., P.C., moves for a protective order to prevent the scheduling of further depositions and to stay all discovery pending a ruling on an anticipated motion to dismiss for lack of subject matter jurisdiction. (Dkts. ## 59, 63). For the reasons set forth below, the defendant's motion is **DENIED**.

**I. Background**

This is a contract dispute action brought pursuant to diversity jurisdiction. The plaintiff/counterclaim defendant, Sandra Lithgow, alleges that she is owed over $75,000 in incentive compensation under the parties' employment agreement. That agreement provided that the plaintiff would receive a base salary plus incentive compensation equal to 20% of the fees collected by the defendant in excess of $100,000 per year for medical services

1

performed on behalf of the defendant. (Complaint ¶¶ 6, 19, 20).

Discovery has been underway in this case. To date, the parties have exchanged documents and the defendant has conducted several depositions. During this exchange of information, the plaintiff identified over 600 instances where she allegedly did not receive proper credit toward her incentive compensation. (Dkt. #60, Def's Mem. in Supp. at 3; Dkt. #64, Pl's Mem. in Opp. at 5). The defendant has acknowledged that it failed to properly credit the plaintiff in some of these instances, but contends that it only owes the plaintiff approximately $2,544.00 as a result. (Def's Mem. in Supp. at 2, 3-4). It intends to file a motion to dismiss on the ground that the plaintiff cannot prove the minimum amount in controversy of $75,000 required for subject matter jurisdiction. (Id. at 5, 8). The defendant argues that it should not have to bear the burden and expense of further discovery, particularly of having to produce its employees for depositions, pending a decision on that motion. (Id. at 8). In response, the plaintiff contends that questions remain as to the defendant's billing practices and exactly how much she is owed in incentive compensation. (Pl's Mem. in Opp. at 6, 8-9). She seeks to conduct the depositions of four of the defendant's employees who have personal knowledge of the parties' employment agreement as well as the defendant's billing practices and the records on which the defendant relies to support its claim that the minimum amount in controversy is lacking. (Id.

at 2, 8; see also dkt. #64, Schaeffer Affidavit, ¶¶ 10, 19).

**II. Discussion**

A party seeking a protective order under Federal Rule of Civil Procedure 26(c) must demonstrate good cause. In determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party. See <u>Waterbury Hosp. v. U.S. Foodservice, Inc.</u>, No. 3:06-CV-1657, 2007 WL 328899, at *1 (D. Conn. February 1, 2007).

Applying these factors, the court finds that the defendant has not demonstrated good cause to stay discovery. First, it is difficult for the court to assess the merits of the defendant's jurisdictional claim. The defendant has not yet filed its motion to dismiss and has not provided the court any supporting documentation. In connection with its present motion, the defendant has submitted the affidavits of one of its attorneys and of Candace Edelmann, an employee of the defendant responsible for overseeing its billing and collections, asserting that the minimum amount in controversy cannot be met. (See Dkt. #61; dkt. #62, Exh. A). Although the Edelmann Affidavit includes calculations indicating that the plaintiff was overcompensated , the defendant has not provided the court with the records to demonstrate how the calculations relied upon were reached.

Second, the plaintiff has demonstrated a legitimate need for the requested discovery. She seeks to depose four employees of the defendant with personal and exclusive knowledge of the defendant's records and billing practices. (Pl's Mem. in Opp. at 8-9; Schaeffer Affidavit, ¶¶ 10, 19). Such discovery is not unduly broad or burdensome and may provide further explanation of the defendant's records and billing methods. The plaintiff has asserted that she must conduct the depositions in order to prove her claim that she is owed additional compensation and to determine the amount owed. (Pl's Mem. in Opp. at 8-9). Any information that could be relied on to establish the amount allegedly owed is also relevant to demonstrating the jurisdictional minimum and may be necessary for the plaintiff to respond to the defendant's motion to dismiss. It is the plaintiff's burden to establish subject matter jurisdiction once it has been challenged. See e.g., Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In a motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1), "the party opposing the motion must be allowed discovery of the facts demonstrating jurisdiction at least where the facts are peculiarly within the knowledge of the opposing party." Greenery Rehab. Group, Inc. v. Sabol, 841 F. Supp. 58, 62 (N.D.N.Y. 1993) (citing Kamen v. Amer. Telephone & Telegraph Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). Imposing a stay of discovery would likely severely prejudice the plaintiff by

4

impeding her ability both to respond to the motion to dismiss and to prove her claim.

### III. Conclusion

For the foregoing reasons, the defendant's motion for a protective order and to stay discovery is **DENIED**. (Dkt. ##59, 63). Discovery will continue while the parties brief and the court takes under consideration the motion to dismiss. This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 27th day of December, 2007.**

                                       /s/ Thomas P. Smith
                                     **Thomas P. Smith**
                                     **United States Magistrate Judge**